<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRUCE WISHNIA, GERALDINE WISHNIA, 148 PLEASANTVILLE ROAD LLC, and 148 PLEASANTVILLE FINANCIAL LLC, | Case No: 20-07898 (SDW) (LDW) |
| Plaintiffs, | **OPINION** |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, RAS CITRON, LLC, JOHN and JANE DOES 1-20, and ABC CORPORATIONS 1-10, | March 10, 2021 |
| Defendants. | |

**WIGENTON,** District Judge.

Before this Court is Defendant US Bank National Association's ("US Bank" or "Defendant") Motion to Dismiss Plaintiffs Bruce Wishnia, Geraldine Wishnia ("Individual Plaintiffs"), 148 Pleasantville Road LLC, and 148 Pleasantville Financial LLC's ("Plaintiff LLCs") (collectively, the "Plaintiffs") Complaint. Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (D.E. 15-17 ("Br.").) Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b). This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated below, Defendant's motion is **GRANTED** in part and **DENIED** in part.

### I.     BACKGROUND AND PROCEDURAL HISTORY

In 2006, the Individual Plaintiffs purchased a home located at 148 Pleasantville Road, New Vernon, New York 07976 (the "Residence") and took out a $2,000,000.00 mortgage ("First

Mortgage") with Mortgage Electronic Registration System, Inc. ("MERS").[1]   (D.E. 1-1 ("Compl.") ¶¶ 10-11.)  Although MERS executed a discharge of mortgage for the First Mortgage in 2007, it subsequently assigned that same mortgage to US Bank on September 21, 2010.[2]  (*Id.* ¶ 17.)  US Bank has consistently averred that the discharge was an error.[3]  (*See* Br. at 1-2.)  That same month, US Bank filed suit in state court (the "Foreclosure Action") against the Individual Plaintiffs for allegedly failing to pay the First Mortgage.  (Compl. ¶ 18.)

From start to finish, the Foreclosure Action was plagued with procedural and strategic stumbling blocks, such that in 2013 it was dismissed for lack of prosecution.  (*See generally id.*) Following this dismissal, on or about July 29, 2014, the Individual Plaintiffs entered into an additional mortgage on the Residence with Paradigm Credit Corp. ("Paradigm"), created the Plaintiff LLCs, and transferred ownership of the Residence to the Plaintiff LLCs.  (*Id.* ¶¶ 25-26.) US Bank then engaged Defendant RAS Citron, LLC ("RAS Citron") as counsel to reinstate the Foreclosure Action, and in November 2015, the state court entered an order (the "Amended Order") that purported to authorize US Bank to amend its complaint and file corrected recording information regarding the First Mortgage.  (*Id.* ¶¶ 27, 28, 31; Br. 15-17 at 5.)  On June 7, 2016, US Bank amended its complaint and named Paradigm as an additional defendant.  (*Id.* ¶ 32) Litigation surrounding the Residence continued through 2018 and resulted in the state court vacating the Amended Order and ultimately dismissing US Bank's Amended Complaint, but not

---

[1] The Individual Plaintiffs went on to execute additional MERS mortgages on the same residence at later dates, which seem to have been discharged and are not directly relevant to the arguments addressed in this Opinion.  (*Id.* at ¶¶ 12, 13, 22, 23.)

[2] US Bank states that it was not acting in its individual capacity, but in its trustee capacity for a pool of mortgage loans held in a trust.

[3] When considering a motion to dismiss, this Court must accept all of the complaint's factual allegations as true and construe those facts in the light most favorable to the plaintiff.  *See Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016).

before multiple notices were recorded against the Residence (the "2016 and 2017 Lis Pendens"). (*See generally* Compl.; Br., Scibetta Decl. ("MTD Decl.") Exs. 13-14.)  At some point since then, Paradigm foreclosed on the Residence.  (Compl. ¶ 51.)

On May 28, 2020, Plaintiffs filed this Complaint, alleging that Defendants "fraudulent[ly]" "hinder[ed]" their "ability to sell" the Residence, because various sale contracts fell through during the pendency of the Foreclosure Action.  (*Id.* ¶ 50.)  The Complaint seems to point to the 2016 and 2017 Lis Pendens and the Amended Order as grounds for liability, and requests relief under federal and state statutory and common law.  (*See id.* ¶¶ 36, 51)  On August 19, 2020, US Bank moved to dismiss pursuant to Rule 12(b)(6), raising three affirmative defenses (litigation privilege, entire controversy doctrine, and res judicata).  (Br.)  On September 8, 2020, Plaintiffs opposed (D.E. 17), and on September 14, 2020, US Bank timely replied.  (D.E. 18.)

## II.        LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), an adequate complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

## III.   DISCUSSION

### A.   Litigation Privilege

New Jersey's litigation privilege "functions as a form of civil immunity" to protect an attorney, litigant, or other participant authorized by law "from civil liability arising from words he has uttered in the course of judicial proceedings.'" *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 317 (3d Cir. 2014) (quoting *Loigman v. Twp. Comm. of Twp. Of Middletown*, 889 A.2d 426, 433 (N.J. 2006)); *Grange Consulting Grp. v. Bergstein*, Civ. No. 13-06768, 2014 WL 5308188, at *2 (D.N.J. Oct. 16, 2014). Communications are protected where they are: "'(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.'" *Applebaum v. Fabian*, Civ. No. 18-11023, 2020 WL 6375706, at *8 (D.N.J. Oct. 30, 2020) (citing *Williams*, 765 F.3d at 319). "In short, '[s]tatements made by attorneys, parties and their representatives made in the course of judicial or quasi-judicial proceedings are absolutely privileged and immune from liability.'" *Id.* (quoting *Peterson v. Ballard*, 679 A.2d 657, 659 (N.J. Super. Ct. App. Div. 1996) (internal citation omitted)).

4

Looking first to Plaintiffs' claims against Defendant RAS Citron,[4] application of the litigation privilege is appropriate because: (1) the filings identified in the Complaint relate to judicial or quasi-judicial proceedings; (2) RAS Citron was acting in its role as US Bank's counsel; (3) RAS Citron's actions were intended to achieve the goal of reinstating, or otherwise litigating, the Foreclosure Action; and (4) the identified filings were logically related to achieving that goal. *See Rickenbach v. Wells Fargo Bank, N.A.*, 635 F. Supp. 2d 389, 401 (D.N.J. 2009). Here, the Complaint only mentions RAS Citron once as an individual entity, describing it as a "law firm which does business in and/or resides in New Jersey." (Compl. ¶ 6; *see also* D.E. 17 at 1 (noting only that RAS Citron is comprised of "US Bank['s] … attorneys").) Critically, the Complaint also alleges that RAS Citron's liability arises directly from its representation of US Bank in the Foreclosure Action. (*See, e.g.*, Compl. ¶ 85 ("In filing the Motion to Reinstate the US Bank Case and actively pursuing it … Defendants violated the [FDCPA].").) Therefore, as Plaintiffs have pleaded that RAS Citron's only role in the dispute was as legal counsel to US Bank, this Court will dismiss all claims raised against RAS Citron.[5] (*See id*.)

To the extent that Plaintiffs raise claims against US Bank for actions it took during the Foreclosure Action, those claims are also barred by the litigation privilege. However, it is not clear from the face of the Complaint that the litigation privilege bars all claims asserted against

---

[4] Although RAS Citron does not join in US Bank's Motion, US Bank asserts that the privilege applies to RAS Citron as its counsel, and Plaintiffs have been given an adequate opportunity to respond. (*See* D.E. 17.)

[5] Plaintiffs' opposition does not provide any more clarity as to specific actions taken by RAS Citron outside of litigation, instead acknowledging that the continued harassments was conducted by US Bank, which suggests that amendment of the claims against RAS Citron would likely not be fruitful. (*See, e.g.*, D.E. 17 at 26 ("US continue to this day to attempt to collect …")..)

Moreover, Plaintiffs cannot use their opposition to make assertions regarding the 2016 and 2017 Lis Pendens that contradict the facts as articulated in the Complaint. (*See, e.g.*, D.E. 17 at 22-23.) A straightforward reading of the Complaint demonstrates that the two Lis Pendens were specifically discussed in certain Foreclosure Action filings. (*See e.g.*, Compl.; MTD Decl., Ex. 14, p. 6.)

US Bank, because Plaintiffs vaguely reference "ongoing conduct" that may have extended beyond the close of the Foreclosure Action. (*Id.* ¶¶ 52 ("Defendants have continued, and continue to harass Plaintiffs, sending them invoices, putting notices on the door of the residence, and having collections agencies hound Plaintiffs …"), 86 (alleging that Defendants "continue to violate the Fair Debt Collections Act to this day by continuing to try to collect on a mortgage …"); D.E. 17 at 2 ("Even to this day, US Bank is harassing Plaintiffs, still attempting to collect a non-existent debt.").) Due to the Complaint's inherent vagueness, this Court is unable to assess the plausibility or viability of those continuing harassment claims as to US Bank, and it would be premature to determine that US Bank's alleged behavior was protected by privilege.

### B. Entire Controversy Doctrine and Res Judicata

The entire controversy doctrine, as codified by New Jersey Civil Practice Rule 4:30A, provides in relevant part that:

> [N]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine, except as otherwise provided by Rule 4:64-5 (foreclosure actions) and Rule 4:67-4(a) (leave required for counterclaims or cross-claims in summary actions).

*Bank Leumi USA v. Kloss*, 243 N.J. 218, 226; N.J. Ct. R. 4:30A. The doctrine has three purposes: (1) to uphold the "need for complete and final disposition[s] through the avoidance of piecemeal decisions"; (2) to maintain "fairness to parties to the action and those with a material interest in the action"; and (3) to enhance "efficiency and the avoidance of waste and the reduction of delay." *DiTrolio v. Antiles*, 142 N.J. 253, 267 (1995) (citation omitted). Res judicata serves similar goals, barring the relitigation of claims that exhibit "'substantially similar or identical causes of action and issues, parties, and relief sought,' as well as a final judgment." *Wadeer v. New Jersey Mfrs. Ins. Co.*, 220 N.J. 591, 606 (2015).

At this stage, this Court will refrain from dismissing the remaining claims pursuant to the entire controversy doctrine or res judicata.  With respect to foreclosure proceedings, the entire controversy doctrine only extends to "germane" counterclaims.  *In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008); N.J. Ct. R. 4:64-5.  Given the vagueness of the Complaint's "continued harassment" claims, it is unclear whether Plaintiffs' claims regarding US Bank are germane to the Foreclosure Action.  (*See* Compl. ¶¶ 52, 86.)  Further, the deficits in the Complaint make it challenging to assess whether Plaintiffs "could have raised the present claims in foreclosure," whether the claims "had accrued at that time," or whether they "were even justiciable."  *In re Mullarkey*, 536 F.3d at 230.  Therefore, reliance on these two doctrines to preclude Plaintiffs' claims would be premature.[6]

### C.  Rules 12(b)(6) and 9(b)[7]

#### i.  Tortious Interference (Count I)

To establish a *prima facie* claim for tortious interference, Plaintiffs must allege: "(1) a reasonable expectation of economic advantage [], (2) interference done intentionally and with 'malice,' (3) [a] causal connection between the interference and the loss of prospective gain, and

---

[6] For this reason, this Court will refrain from assessing the parties' arguments regarding the applicability of *Bank Leumi USA*, 243 N.J. at 226.

[7] US Bank argues that the Complaint's allegations regarding "unspecified collection activities that have continued 'to this day'" are too vague to state a claim under Rule 12(b)(6).  (*See, e.g.*, Br. at 19.)  To the extent US Bank has not specifically noted that this deficiency extends to each individual claim, "the Third Circuit has held that a court may sua sponte raise [deficiencies] in the pleadings under Rule 12(b)(6)."  *Robinson v. CRS Facility Servs., LLC*, Civ. No. 12-2693, 2013 WL 6178583, at *4 (D.N.J. Nov. 25, 2013).

In assessing this sufficiency of the pleadings, this Court may consider additional "integral" items beyond the four corners of the Complaint without converting this motion to dismiss into one for summary judgment.  *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  These items include matters of public record, indisputably authentic documents, and court orders.  *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted); *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *see also Overseas Lease Grp. v. Plocher Constr. Co.*, 800 F. App'x 77, 81 n.7 (3d Cir. 2020).  Therefore, this Court will consider the publicly available court filings and the integral mortgage documents referenced in Plaintiffs' Complaint, and attached to Defendant's motion to dismiss, the authenticity of which Plaintiffs do not dispute.

(4) actual damages." *Varrallo v. Hammond Inc.*, 94 F.3d 842, 848 (3d Cir. 1996) (citation omitted). Here, although Plaintiffs' opposition brief is peppered with the word "malice" (*see* D.E. 17) and the Complaint vaguely gestures to "malicious actions" (Compl. ¶ 58), the Complaint only seems to allege that one specific action was taken with the requisite intent: filing the 2016 Lis Pendens (*id.* ¶ 36). Further, the Complaint vaguely references "continue[d] purs[uit]" of the debt and largely groups together the two "Defendants." (*See* Compl. ¶¶ 56, 62 (alleging that "Defendants" acted fraudulently).) Due to these deficiencies, it is impossible to discern the elements of a cause of action for tortious interference, particularly as to US Bank alone. Therefore, this Court will dismiss this claim pursuant to Rule 12(b)(6).

### ii. Fraud (Count II)

The five essential elements to a claim of common law fraud are: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997). Further, Rule 9(b) requires "plaintiffs to plead with particularity the 'circumstances' of the alleged fraud in order to … safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742. F. 2d 786, 791 (3rd Cir. 1984). Here, the Complaint lacks any of the requisite "precision" (*see, e.g.*, Compl., ¶¶ 66, 68), and fails to allege "the who, what, when, where, and how" of each purportedly fraudulent misrepresentation. *See In re Advanta Corp. Sec. Litig.,* 180 F.3d at 534 (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)); *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Where the Complaint does make general references to the Foreclosure Action, 2016 and 2017 Lis Pendens, and sale of the Residence, it fails to link those allegations to the specific

elements of a claim for fraud.  (Compl.)  Thus, Plaintiffs' claims amount to little more than "a formulaic recitation of a cause of action's elements," and fail to state a claim under Rule 9(b), *Twombly*, or *Iqbal*.

### iii.   New Jersey Consumer Fraud Act (Count III)

Under the NJCFA, a plaintiff must prove: "(1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Dzielak v. Whirlpool Corp.*, Civ. No. 12-89, 2019 WL 6607220, at *21 (D.N.J. Dec. 5, 2019) (citations omitted).  As Plaintiffs' NJCFA claim sounds in fraud, it must also satisfy the heightened standard of Rule 9(b).  *F.D.I.C. v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994).  Here, Plaintiffs have pleaded only the barest of allegations, stating that "Defendants made a number of intentional misrepresentations and fraudulent actions as described above …"  (*See* Compl. ¶ 73-75.)  Again, these conclusions fall short of stating a claim pursuant to Rule 12(b)(6), particularly when governed by Rule 9(b)'s heightened pleading standard.

### iv.   Negligent Misrepresentation (Count IV)

To prevail on a negligent misrepresentation claim, a plaintiff must prove: (1) defendant negligently made a false communications of material fact; (2) that plaintiff justifiably relied upon the misrepresentation; and (3) the reliance resulted in an ascertainable loss or injury. *See H. Rosenblum, Inc. v. Adler*, 93 N.J. 324, 334 (1983).  Plaintiffs must normally "receive and rely on the alleged misrepresentation."  *Mimm v. Van Guard Dealer Servs.*, *LLC*, Civ. No. 11-736, 2014 WL 718150, at *2 (D. Del. Feb. 25, 2014).  As it is unclear from the Complaint how these required elements were met, this claim is dismissed pursuant to Rule 12(b)(6).  (*See* Compl. ¶¶ 79-82.)

### v.   Fair Debt Collection Practices Act ("FDCPA") (Count V)

It is unlawful for a defendant debt collector to violate a provision of the FDCPA in attempting to collect a debt from a plaintiff consumer. *Park v. ARS Nat'l Servs., Inc.*, Civ. No. 15-2867, 2015 WL 6579686, at *2 (D.N.J. Oct. 30, 2015); 15 U.S.C. § 1692(a)(6). Here, Plaintiffs' FDCPA claim does not allege that Defendants are debt collectors within the meaning of the statute and affirmatively pleads facts that suggest US Bank was foreclosing upon a debt that it believed was owed to it as a mortgage lender. (Compl. ¶ 17 ("MERS assigned the First Mortgage to US Bank"); D.E. 17 at 26 (acknowledging that "[t]he Complaint does not state one way or another if US Bank was a 'debt collector'").) Furthermore, Plaintiffs' FDCPA claim seems to have far surpassed the applicable one-year limitations period. *See* 15 U.S.C. § 1692(k)(d); *see* Compl. ¶ 85 (basing FDCPA claim on Defendants' pre-2015 actions). As a result, Plaintiffs' FDCPA claim will be dismissed.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is **GRANTED**.  All claims raised against RAS Citron are further dismissed as protected by litigation privilege.  All additional relief requested by Defendant is **DENIED**.  Plaintiffs shall have thirty (30) days to file an Amended Complaint.  An appropriate Order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:      Clerk
cc:        Leda D. Wettre, U.S.M.J.
           Parties